UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA DANIEL THOMAS,

       Petitioner,

v.

CASE NO. 2:08-CV-12466
HONORABLE AVERN COHN

JEFFREY WOODS,

       Respondent.
_____/

## OPINION AND ORDER
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

### I. Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Joshua Thomas, a state prisoner currently confined at the Kinross Correctional Facility in Kincheloe, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner raises sentencing and ineffective assistance of counsel claims in his habeas petition. As will be explained, Petitioner has not fully exhausted his state court remedies. Therefore, the petition will be dismissed without prejudice.

### II. Background

In 2006, Petitioner pleaded guilty to assault with intent to rob while unarmed in the Genesee County Circuit Court and was sentenced to 4 to 15 years imprisonment. Following his convictions and sentencing, Petitioner filed an application for leave to appeal with the Michigan Court of Appeals raising claims challenging the validity of his sentence. The Michigan Court of Appeals denied leave to appeal for lack of merit in the

grounds presented. See *People v. Thomas*, No. 275397 (Mich. Ct. App. Feb. 14, 2007) (unpublished). Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same sentencing claims raised in the Michigan Court of Appeals, as well as additional sentencing claims. The Michigan Supreme Court denied leave to appeal in a standard order. See *People v. Thomas*, 479 Mich. 861, 735 N.W.2d 253 (July 30, 2007).

Petitioner signed his federal petition for writ of habeas corpus on May 28, 2008 and the case was filed by the Court on June 10, 2008. In his petition, he raises the sentencing claims he presented to the Michigan Supreme Court, as well as a claim that counsel was ineffective at sentencing.

### III. Analysis

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden of demonstrating exhaustion of state court

remedies. He admits that he has not presented his ineffective assistance of counsel claim to either of the Michigan appellate courts. He has also failed to present all of his sentencing claims to the Michigan Court of Appeals. His presentation of some of those claims to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). Petitioner has thus failed to properly exhaust his habeas claims in the state courts.

Generally, a federal district court should dismiss a "mixed" petition for writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on his perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when

3

the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Here, Petitioner has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and pursue his unexhausted issues in the state appellate courts as necessary.

Additionally, the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state court remedies in a prompt fashion. The one-year limitations period did not begin to run until 90 days after the conclusion of his direct appeals, on or about October 28, 2007, It then ran for approximately seven months until May 28, 2008 when Petitioner signed his federal habeas petition and submitted it to prison officials for mailing. The one-year period will be tolled during the time in which any properly filed state post-conviction or collateral actions are pending. *See* 28 U.S.C. § 2244(d)(2). While the time in which his habeas case has been pending in federal court is not statutorily tolled, such time may be equitably tolled. Given that approximately five months of the one-year limitations period remains, Petitioner has sufficient time in which to fully exhaust his issues in the state courts and return to federal court should he wish to do so. A stay is therefore unnecessary.

Petitioner has also not shown good cause for failing to exhaust his claims in the state courts, *i.e.*, by filing a motion for relief for judgment, before proceeding in federal

4

court on habeas review. Moreover, his unexhausted claims, particularly his ineffective assistance of counsel claim, concern matters of federal law which may warrant further review. His unexhausted claims should therefore be addressed to, and considered by, the state courts in the first instance.

## IV. Conclusion

For the reasons stated above, Petitioner has not fully exhausted his state court remedies. Accordingly, the petition is **DISMISSED WITHOUT PREJUDICE.**

However, should Petitioner wish to delete the unexhausted claims and proceed only on the fully exhausted claims, he may move to re-open this case and amend his petition to proceed on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of Petitioner's claims.

**SO ORDERED.**


Dated: June 19, 2008            s/Avern Cohn
                                         AVERN COHN
                                         UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Joshua Thomas 596864, Kinross Correctional Facility, 16770 S Watertower Drive, Kincheloe, MI 49785 the attorneys of record on this date, June 19, 2008, by electronic and/or ordinary mail.

                                                           s/Julie Owens
                                                           Case Manager, (313) 234-5160